# United States District Court

for the

## Eastern District of Pennsylvania

**December 20, 2012**

U.S.A. vs. Jonathan Riches  Case No. 2:12-CR-517

## VIOLATION OF SUPERVISED RELEASE

COMES NOW Carlos Montgomery U. S. PROBATION OFFICER OF THE COURT presenting an official report upon the conduct and attitude of Jonathan Lee Riches who was placed on supervised release by The Honorable Melinda Harmon sitting in the Court at Houston, TX, on the 10th day of June 2004 who fixed the period of supervision at five years, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

**FILED DEC 20 2012 MICHAEL E. KUNZ, Clerk By___ Dep. Clerk**

ORIGINAL OFFENSE: Conspiracy to commit wire fraud (Count 1s) and Wire fraud aiding and abetting (Count 3s).

ORIGINAL SENTENCE: The defendant was sentenced to the custody of the United States Bureau of Prisons for a term of 125 months consisting of 60 months on Count 1s and 125 months on Count 3s to be served concurrently for a total term of 125 months imprisonment.

SPECIAL CONDITIONS: 1) The defendant shall participate in a program, inpatient or outpatient, for the treatment of drug and/or alcohol addiction, dependency or abuse which may include, but not be limited to urine, breath, saliva and skin testing to determine whether the defendant has reverted to the use of drugs and/or alcohol. Further, the defendant shall participate as instructed and as deemed necessary by the probation officer and shall comply with all rules and regulations of the treatment agency until discharged by Program Director with the approval of the probation officer. The defendant shall further submit to drug-detection techniques in addition to those performed by the treatment agency as directed by the probation officer. The defendant will incur the cost associated with such drug/alcohol detection and treatment based on ability to pay as determined by the probation officer; 2) The defendant is required to participate in a mental health program as deemed necessary and approved by the probation officer. The defendant will incur the costs associated with such a program based on ability to pay as determined by the probation officer; 3) The defendant shall pay restitution in the amount of $92,680.00 at a rate of $200.00 per month to commence 60 days after release from

       imprisonment; and 4) The defendant shall a special assessment of $200.00 due immediately.

TRANSFER OF
JURISDICTION:  On September 25, 2012, jurisdiction in this case was transferred from the Southern District of Texas to the Eastern District of Pennsylvania and assigned to The Honorable Eduardo C. Robreno.

DATE SUPERVISION
COMMENCED:  April 30, 2012

The above probation officer has reason to believe that the supervised releasee has violated the terms and conditions of his supervision under such circumstances as may warrant revocation. These conditions are:

A. Standard Condition #1: The defendant shall not leave the judicial district without permission of the Court or probation officer.

  On December 18, 2012, this officer received information from Detective Dave Mower, of the West Goshen Township Police Department, informing that Mr. Riches was in Newton, Connecticut, at the scene of the Sandy Hook Elementary School shootings. Upon inspection of Mr. Riches "You Tube" videos, this writer observed Mr. Riches in a self-made video, driving to the home of the alleged gunman, Adam Lanza. Mr. Riches did not have permission from this officer to travel to Newtown, Connecticut. Mr. Riches is also on probation with the Chester County Adult Probation office in West Chester, Pennsylvania. This officer spoke to Probation Officer John Morton on December 18, 2012. At that time, he informed this officer that he did not grant Mr. Riches permission to travel to Newton, Connecticut. Mr. Riches is currently in custody at the Chester County Prison in West Chester, Pennsylvania on related matters.

  **GRADE OF VIOLATION**               **C**

B. Special Condition #1: The defendant shall pay restitution in the amount of $92,680.00 in monthly installments of $200.00 to commence 60 days after release from imprisonment to a term of supervision.

  Mr. Riches commenced supervision on April 30, 2012. Since his release, Mr. Riches has failed to meet the monthly Court ordered restitution payment of $200.00 for the months

RE: Riches, Jonathan Lee
Case No. 2:12-CR-517

of June, July, August, September, October, November and December of 2012. In total, Mr. Riches has managed to pay $80.00, placing his account at $1,320.00 in arrears.

**GRADE OF VIOLATION**                                                         C

PRAYING THAT THE COURT WILL ORDER...   THE ISSUANCE OF A WARRANT TO BE LODGED AS A DETAINER, FOR THE NAMED SUPERVISED RELEASEE TO BE ARRESTED AND BROUGHT BEFORE THE COURT FOR A REVOCATION HEARING

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully,

Charles D. Donahue, Jr.
Supervising U.S. Probation Officer

Place Reading, PA
Date December 20, 2012

CM/am

cc:  Assistant U.S. Attorney
     Defense Attorney
     U.S. Marshal's - Warrant Squad

ORDER OF THE COURT
Considered and ordered this ___
day of ___, 2012 and ordered
filed and made part of the records in
the above case.

_____
U. S District Court Judge

3

WARRANT ISSUED

# INFORMATION SHEET FOR REVOCATION OF SUPERVISION

**United States of America**    )    Case No. 2:12-CR-517

        vs.    )

    Jonathan Lee Riches    )

Defendant's last known  
Address and Telephone No.

1306 Ashbridge Road  
West Chester, PA 19380  
(610) 213-4055

Defendant's in custody at:

Defendant's last known  
Counsel, Address and  
Telephone number:

To be assigned

Assistant U.S. Attorney:  
Street Address:  
City and State:  
Telephone No.:

To be assigned  
615 Chestnut Street, Suite 1250  
Philadelphia, PA  19106  
(215) 861-8200

Other Information:

------------------------------  
Carlos Montgomery  
Senior U.S. Probation Officer

Telephone No. (610) 320-5094

# PROBATION AND SUPERVISED RELEASE VIOLATIONS

## Classification of Violations

(a) There are three grades of probation and supervised release violations:

    (1) <u>Grade A Violations</u> -- conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device of a type described in 26 U.S.C. §5845(a); or (B) any other federal, state, or local offense punishable by a term of imprisonment exceeding twenty years;

    (2) <u>Grade B Violations</u> -- conduct constituting any other federal, state, or local offense punishable by a term of imprisonment exceeding one year;

    (3) <u>Grade C Violations</u> -- conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision.

(b) Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.

## REVOCATION TABLE
(in months of imprisonment)

**Criminal History Category***

| Grade of Violation | I | II | III | IV | V | VI |
|---|---|---|---|---|---|---|
| Grade C | 3-9 | 4-10 | 5-11 | 6-12 | 7-13 | 8-14 |
| Grade B | 4-10 | 6-12 | 8-14 | 12-18 | 18-24 | 21-27 |

Grade A     (1) Except as provided in subdivision (2) below:

| | I | II | III | IV | V | VI |
|---|---|---|---|---|---|---|
| | 12-18 | 15-21 | 18-24 | 24-30 | 30-37 | 33-41 |

    (2) Where the defendant was on probation or supervised release as a result of a sentence for a Class A felony:

| | I | II | III | IV | V | VI |
|---|---|---|---|---|---|---|
| | 24-30 | 27-33 | 30-37 | 37-46 | 46-57 | 51-63 |

\* The criminal history category is the category applicable at the time the defendant originally was sentenced to a term of supervision.

<u>Note</u> Mandatory revocation of probation is required when the new offense is possession of a firearm or the illegal possession of controlled substances. Reference Sections 6214 and 7303 respectively of the Anti-Drug Abuse Act of 1988 (Pub S No. 100-690, November 18, 1988).

<u>Note</u> The Commission leaves to the Court the determination of whether evidence of drug usage established solely by laboratory analysis constitutes a possession of a controlled substance "as set forth in 18, USC 3565(a) and 3583(g)."