IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | NO. 12-517 |
| v. | : | |
| | : | |
| JONATHAN LEE RICHES | : | |

# O R D E R

**AND NOW**, this **13th** day of **April, 2016**, upon consideration of Defendant's pro se Emergency Motion to Correct Clerical Error (ECF No. 25) and the Government's Response in Opposition (ECF No. 26), it is hereby **ORDERED** that Defendant's motion is **DENIED**.[1]

---

[1] On July 1, 2015, this Court revoked Defendant's supervised release and sentenced him to one year and one day in prison to run consecutively to the term of imprisonment imposed on February 7, 2013 by the Court of Common Pleas in Chester County. ECF No. 14. Defendant now argues that the Bureau of Prisons incorrectly commenced that term of imprisonment on June 26, 2015, when it was ordered to begin on June 19, 2015. ECF No. 25. Defendant also asks the Court to appoint counsel. Id.

Defendant's motion will be denied for three reasons. First, there is no clerical error in the Judgment and Commitment Order revoking Defendant's supervised release to be corrected pursuant to Federal Rule of Criminal Procedure 36. See ECF No. 14. Second, before seeking judicial review of the duration of a term of imprisonment, which is a challenge to be addressed in a petition pursuant to 28 U.S.C. § 2241, the defendant must exhaust his administrative remedies. Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). The administrative remedy procedure for federal prisoners brining a § 2241 petition is set forth in 28 C.F.R. §§ 542.10-.18. Here, Defendant's administrative remedy record reflects that he has filed no administrative remedy request or appeal to challenge any aspect of the computation of his federal imprisonment for his violation of supervised release. See ECF No. 26, Ex. A. Third, because there is no error to correct, there is no need to appoint counsel. Therefore, Defendant's motion is denied.

It is **FURTHER ORDERED** that Defendant's pro se Motion to Correct Rule 36 Clerical Error (ECF No. 23) is **DENIED**.[2]

**AND IT IS SO ORDERED.**

_____
EDUARDO C. ROBREÑO, J.

---

[2] Defendant's Motion to Correct Rule 36 Clerical Error, ECF No. 23, contains the same arguments as Defendant's Emergency Motion to Correct Clerical Error, ECF No. 25. Therefore, Defendant's Motion to Correct Rule 36 Clerical Error, ECF No. 23, is denied for the same reasons set forth above.